IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> WAFLER FARMS, INC., d/b/a WAFLER NURSERY & ORCHARDS, </br> HURON ENTERPRISES, LLC, </br> PAUL E. WAFLER, and </br> SUSAN WAFLER, </br></br> Defendants. | Civil Action No. |

## COMPLAINT

The United States of America, through its undersigned counsel, by the authority of the Attorney General, and at the request of the Secretary of the Army, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Wafler Farms, Inc., d/b/a Wafler Nursery & Orchards, Huron Enterprises, LLC, Paul E. Wafler, and Susan Wafler ("Defendants"), for the discharge of pollutants into waters of the United States located at 10748 and 10817 Slaght Road in the Town of Wolcott, Wayne County, New York, without authorization by the Department of the Army, U.S. Army Corps of Engineers ("Corps"), in violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

1

2. In this action, the United States seeks: (i) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of the CWA Section 301(a), 33 U.S.C. § 1311(a); (ii) to require Defendants, at their own expense and at the direction of the Corps, to restore the waters of the United States and/or mitigate the damages caused by Defendants' unlawful activities; and (iii) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Western District of New York pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the subject property is in this District, the cause of action alleged herein arose in this District, and the principal place of business for Defendant Wafler Farms, Inc. and for Defendant Huron Enterprises, LLC. is in this District.

5. Notice of the commencement of this action has been provided to the State of New York pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b).

## PARTIES

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant Wafler Farms, Inc., d/b/a Wafler Nursery & Orchards, is a domestic business corporation incorporated in the State of New York with its principal place of business located at 10748 Slaght Road, Wayne County, Wolcott, New York 14590.

8. Defendant Huron Enterprises, LLC is a limited liability corporation active in the State of New York which owns property located at 10748 Slaght Road, Wayne County, Wolcott, New York 14590.

9. Defendant Paul E. Wafler is the President and owner of Wafler Farms, Inc., and co-owner of the property at 10817 Slaght Road, Wayne County, Wolcott, New York 14590.

10. Defendant Susan Wafler is the co-owner of the property at 10817 Slaght Road, Wayne County, Wolcott, New York 14590.

11. At all times relevant to the Complaint, Defendants owned, leased, or otherwise controlled the real property that is the subject of this Complaint and/or otherwise controlled the activities relevant to this Complaint that occurred on such property.

## STATUTORY BACKGROUND

12.     CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA Section 404, 33 U.S.C. § 1344.

13.     CWA Section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

14.     CWA Section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

15.     CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include dredged spoil, rock, sand, and cellar dirt.

16.     CWA Section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17.     33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state

waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

18. 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

19. CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance…from which pollutants are or may be discharged."

20. CWA Section 502(5), 33 U.S.C. 1362(5), defines "person" to include "an individual, corporation, partnership, [or] association."

21. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a), 33 U.S.C. § 1319(a).

22. CWA Section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA Section 301(a), 33 U.S.C. § 1311(a).

## ALLEGATIONS

23. At some time beginning on or about July 1, 2015, through on or about May 11, 2016, Defendants and/or persons acting on Defendants' behalf, or with their consent and/or knowledge, used mechanized land-clearing and earth-moving equipment to clear and grade portions of property located at 10817 and 10748 Slaght Road in the Town of Wolcott, Wayne County, New York ("Slaght Road Property").

24. On or about November 24, 2015, the New York State Department of Environmental Conservation ("NYSDEC") contacted the Corps regarding possible violations of New York State and Federal law involving the clear-cutting and filling in of wetlands on the Slaght Road Property.

25. On or about February 11, 2016, the Corps issued a letter to Defendants Paul Wafler and Wafler Farms, Inc., informing Defendants that the Corps had received information from NYSDEC that work performed at the Slaght Road Property had resulted in the discharge of dredged or fill material into federal jurisdictional waters in violation of the CWA. The letter advised Defendants to submit an application for a Department of the Army permit, or contact the Corps for advice on procedures to be followed before proceeding with work on the property.

26. On or about May 11, 2016, the Corps and NYSDEC staff visited the Slaght Road Property to conduct a site investigation. The investigation determined that tree clearing and grading on the property had resulted in the discharge of dredged or fill material

into waters of the United States. Specifically, the site investigation revealed that dredged or fill material had been discharged into approximately 4.68 acres of federal jurisdictional wetlands and approximately 1,437 linear feet of an unnamed tributary on the Slaght Road Property.

27. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharge of dredged or fill material into wetlands and a tributary on the Slaght Road Property.

28. On or about September 16, 2016, the Corps issued a Notice of Violation to Defendants Paul Wafler and Wafler Farms, Inc., notifying Defendants that the Corps had determined that the activities performed at the Slaght Road Property had resulted in the discharge of dredged or fill material into waters of the United States without authorization of the Department of the Army and that, as a result of that determination, Defendants were in violation of the CWA. The Notice of Violation, which included aerial maps of the property, set forth requirements for resolution of the violation.

29. In a letter dated October 24, 2016, Defendant Paul Wafler contested the acreage and stream location identified on the maps provided with the September 16, 2016 Notice of Violation. Defendant Wafler also referenced a case brought by NYSDEC regarding the Slaght Road Property.

30. On or about February 14, 2017, the Corps sent Defendants Paul Wafler and Wafler Farms, Inc. a second Notice of Violation, informing the Defendants that, in addition to the NYSDEC matter, Defendants were required to act to resolve the federal violations. Defendants did not respond to the second Notice of Violation.

### FIRST CAUSE OF ACTION: UNAUTHORIZED DISCHARGE OF DREDGED OR FILL MATERIAL

31. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

32. Defendant Wafler Farms, Inc., Defendant Huron Enterprises, LLC, Defendant Paul E. Wafler, and Defendant Susan Wafler are "persons" within the meaning of CWA Section 502(5), 33 U.S.C. § 1362(5).

33. At some time beginning on or about July 1, 2015, through on or about May 11, 2016, Defendants and/or persons acting on Defendants' behalf, or with their consent and/or knowledge, used mechanized land-clearing and earth-moving equipment to discharge dredged or fill material, including rock and sand, into wetlands and a tributary on the Slaght Road Property.

34. The impacted 4.68 acres of federal jurisdictional wetlands and approximately 1,437 linear feet of tributary are owned, leased, or otherwise controlled by Defendants.

35. The impacted 4.68 acres of federal jurisdictional wetlands and approximately 1,437 linear feet of tributary are "waters of the United States" as defined in 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2.

36. The mechanized equipment described in Paragraph 33 constituted "point sources" as defined in CWA Section 502(14), 33 U.S.C. § 1362(14).

37. The discharge of dredged or fill material described in Paragraph 33 constituted a discharge of a pollutant within the meaning of CWA Section 301, 33 U.S.C. § 1311, and CWA Section 502(12), 33 U.S.C. § 1362(12).

38. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharge of dredged or fill material into waters of the United States as required by CWA Section 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

39. The discharge of dredged or fill material described in Paragraph 33 was conducted by Defendants, or was contracted for, supervised, and/or otherwise controlled by Defendants.

40. The discharge of dredged or fill material described in Paragraph 33 violated and continues to violate CWA Section 301(a), 33 U.S.C. § 1311(a).

41.     Each day that the dredged or fill material described in Paragraph 33 remains in the waters of the United States constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

42.     Unless enjoined, Defendants are likely to continue to allow dredged or fill material to remain in and/or continue to discharge dredged or fill material into waters of the United States located on the Slaght Road Property, in violation of CWA Section 301, 33 U.S.C. § 1311.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1.     That Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2.     That Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of the Corps, to effect complete restoration of waters of the United States at the Slaght Road Property, and conduct on-site and off-site mitigation to compensate for unauthorized impacts to waters of the United States, as appropriate;

3. That Defendants be assessed, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA Section 301(a), 33 U.S.C. § 1311(a);

4. That Plaintiff, the United States of America, be awarded costs and disbursements in this action; and

5. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

        Respectfully submitted,

        JAMES P. KENNEDY, JR.
        UNITED STATES ATTORNEY

BY:    S/MARYELLEN KRESSE
        Assistant U.S. Attorney
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5888
        Maryellen.kresse@usdoj.gov

DATED:    June 2, 2020
                Buffalo, New York

OF COUNSEL:

KIMBERLY A. ROWLES
Assistant District Counsel
U.S. Army Corps of Engineers, Buffalo District
1776 Niagara Street
Buffalo, New York